UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL O. CONWILL, IV** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-4365** |
| **GREENBERG TRAURIG, L.L.P., JAY I. GORDON AND JOHN B. OHLE, III** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion filed by John B. Ohle, III ("Ohle") to set aside an entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure and a motion also filed by Ohle to dismiss a party to this action filed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.[1] Plaintiff, Daniel O. Conwill, IV ("Conwill"), opposes the motion.[2] For the following reasons the motion to set aside the entry of default and the motion to dismiss a party[3] are **DENIED.**

### *BACKGROUND*

On July 9, 2009, Conwill filed this lawsuit against Jay I. Gordon, Greenberg Traurig L.L.P., and Ohle asserting claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-1968, and under Louisiana state law for declaratory judgment, unjust enrichment, legal malpractice, breach of contract, breach of fiduciary duty, negligent representation, fraud, and civil conspiracy.[4]

---

[1] R. Doc. No. 66.
[2] R. Doc. No. 133.
[3] R. Doc. No. 66.
[4] R. Doc. No. 1.

1

According to an affidavit submitted by plaintiff's counsel, Harvey S. Bartlett, III, ("Bartlett") on July 9, 2009, Bartlett sent a copy of the summons and complaint to Ohle via certified mail to Ohle's address at 4138 Prytania Street, New Orleans, Louisiana, 70115 which letter was returned marked as unclaimed.[5] Bartlett states that on September 29, 2009, he had the U.S. Clerk of Court reissue a summons directed to Ohle at Ohle's address at 1940 Chestnut Avenue, Wilmette, Illinois, 60091 ("Wilmette address") and that he sent a copy of such summons and complaint to Olhe's Wilmette address by certified mail. Bartlett states that such certified mail was returned marked as unclaimed.[6]

Bartlett attests that on November 11, 2009, he sent a copy of the summons and complaint that had been reissued to Mark Strzydlak of United Processing, a private process server in Chicago, Illinois, "with instructions to perfect personal or domiciliary service" at Ohle's Wilmette address.[7] Bartlett's affidavit states that Jeffrey Rosenbloom ("Rosenbloom"), a licensed private process server employed by United Processing, provided an affidavit of service to Bartlett, attesting to seven unsuccessful attempts of personal or domiciliary service at Mr. Ohle's Wilmette address between November 14, 2009 and November 18, 2009.[8] Rosenbloom's affidavit of attempted service states that, on six of his seven attempts between November 14, 2009 and November 18, 2009, he perceived that someone was home.[9] Specifically, Rosenbloom's affidavit states that on six of those seven attempts, a woman was "peeking" through the window, he saw a baby though the window, several lights were on inside the house,

---

[5] R. Doc. No. 133-1, p. 7.
[6] *Id.*
[7] *Id*.
[8] *Id*.
[9] *Id*. at pp. 15-16. On November 17, 2009 at 11:30 a.m., Rosenbloom's affidavit of attempted service states that there was "no answer at the door and no cars in the driveway." *Id*. at p. 15.

and there were two vehicles parked in the driveway.[10] Rosenbloom's affidavit of attempted service attests that he rang the doorbell three times and knocked on the door each of those six times.[11]

Bartlett attests in his affidavit that subsequent to Rosenbloom's seven unsuccessful attempts, he directed Rosenbloom to continue to attempt to effect personal or domiciliary service at Ohle's Wilmette address.[12]

Rosenbloom subsequently provided an affidavit of service attesting that he served Ohle's wife on December 8, 2009 at 8:30 a.m.[13] Rosenbloom avers that he rang the doorbell at Ohle's Wilmette residence and a Caucasian woman with black hair, approximately 55-60 years of age, opened the door and "identified herself as John Ohle's wife."[14] Rosenbloom's affidavit relates that the woman refused to give her name, "but did acknowledge that she was [Ohle's] wife and that he was out of town this whole week."[15] The Rosenbloom affidavit states that the woman was informed of the contents of the summons and the complaint, but that she "refused to accept the summons" and that Rosenbloom left a copy of the summons at the Wilmette address and also mailed a copy of the summons and the complaint to Ohle in a sealed envelope with postage fully prepaid on December 9, 2009.[16] The affidavit of service was entered into the record on December 21, 2009.[17]

On January 26, 2010, plaintiff filed a motion for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and provided an affidavit by Bartlett attesting that Ohle

---

[10] *Id.* at pp. 15-16.
[11] *Id.* at pp. 15-16.
[12] *Id.* at p. 7.
[13] R. Doc. No. 31, p. 3; R. Doc. No. 133-1, p. 18.
[14] R. Doc. No. 31, p. 3; R. Doc. No. 133-1, p. 18.
[15] R. Doc. No. 31, p. 3; R. Doc. No. 133-1, p. 18.
[16] R. Doc. No. 31, p. 3; R. Doc. No. 133-1, p. 18.
[17] R. Doc. No. 31.

had been served on December 8, 2009 and that Ohle had failed to appear or otherwise respond to the complaint within the timeframe prescribed by the Federal Rules of Civil Procedure.[18] [19] The U.S. Clerk of Court entered the default on January 27, 2010.[20]

On March 3, 2010, Ohle filed the instant motion and selected a hearing date to take place four months later on July 7, 2010.[21] Ohle's motion urges the Court to set aside the entry of default because Ohle was never properly served and to dismiss plaintiff's claims against him because he was not properly served within 120 days of the date that plaintiff filed his complaint.[22] In opposition, plaintiff argues that despite Ohle's efforts to evade service, Ohle was properly served.[23]

*LAW AND ANALYSIS*

### I. Rule 55(a) and Rule 55(c) of the Federal Rules of Civil Procedure

Rule 55 (a) of the Federal Rules of Civil Procedure states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Rule 55(c) of the Federal Rules of Civil Procedure provides that, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). When determining whether good cause has been demonstrated, the

---

[18] R. Doc. No. 49; R. Doc. No. 49-1, pp. 1-2.
[19] Bartlett filed two motions to enter default on January 26, 2010. As he explained in his second, amended motion: "The original Request to Enter Default, filed this same date, noted that service was effected on December 9, 2009, but, upon further review of the Affidavit of Service, it is apparent that service was actually effected on December 8, 2009." R. Doc. No. 49, p. 1, n. 1.
[20] R. Doc. No. 50.
[21] R. Doc. No. 66.
[22] *Id.*
[23] R. Doc. No. 133.

Court should consider: (1) whether the default was willful;[24] (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *Buckley v. Donohue Inds*., Inc., 100 F. App'x 275, 278 (5th Cir. 2004)(citing *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir. 1992)); *Hargray*, 1993 WL 543412, at * 1. "These factors, however, are neither 'talismanic' nor 'exclusive.'" *Broadwing Comm., Inc. v. Harris*, 2000 WL 1059863, at *1 (E.D. La. Aug. 1, 2000)(Vance J.)(quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)). "Other factors that a court may consider include whether 'the public interest was implicated,' whether 'there was a significant financial loss to the defendant,' and whether 'the defendant acted expeditiously to correct the default.'" *Id*.

## II. Rules 4(e) and 4(m) of the Federal Rules of Civil Procedure

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.,* 903 F.2d 1011, 1013 (5th Cir. 1990). A defendant must have been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure in order to be held accountable for failing to plead or otherwise defend. *See Rogers v. Hartford Life & Accident Ins. Co*., 167 F.3d 933, 940 (5th Cir. 1999). Absent proper service of process, the court lacks jurisdiction over the defendant and an entry of default granted under such conditions is void. *See id*.

Ohle contends that plaintiff failed to effect proper service of process pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) provides:

---

[24] "[A] willful failure alone may constitute sufficient cause to deny a motion to set aside entry of default. . . ." *Hargray v. City of New Orleans*, 1993 WL 543412, at *1 (5th Cir. Dec. 17, 1993).

> Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e).

As the district court explained in *Ali v. Mid-Atlantic Settlement Services, Inc.*:

> Whether service is effective turns on the facts and circumstances of each case. Where service complies precisely with the requirements of Rule 4(e), it will be effective for personal jurisdiction, even if the individual did not receive actual notice. *Smith v. Kincaid*, 249 F.2d 243, 244 (6th Cir. 1957); *Capitol Life Ins. Co. v. Rosen*, 69 F.R.D. 83, 88 n. 3 (E.D. Pa. 1975). On the other hand, where the defendant has received actual notice of the action, "the provisions of Rule 4(e) should be liberally construed to effectuate service and uphold the jurisdiction of the court." *Karlsson v. Rabinowitz*, 318 F.2d 666 (4th Cir. 1963); *Rovinski v. Rowe*, 131 F.2d 687, 689 (6th Cir. 1942) (same). "The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D.Col. 1994). Rather, "the rules governing service of process are utilized for the purpose of providing a likelihood of bringing actual notice to the intended recipient," *Minnesota Mining & Mfr'g Co. v. Kirkevold*, 87 F.R.D. 317, 324 (D. Minn. 1980), and actual notice satisfies the due process notice requirement and provides the court with personal jurisdiction. *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 671 (S.D. Fla. 1985). Where the defendant receives actual notice and the plaintiff makes a good faith effort to serve the defendant pursuant to the federal rule, service of process has been effective. *Id.* Good faith efforts at service are effective particularly where the defendant has engaged in evasion, deception, or trickery to avoid being served. *Id.*

> "The service of process is not a game of hide and seek. Where service is repeatedly effected in accordance with the applicable rules of civil procedure and in a manner reasonably calculated to notify the defendant of the institution of an action against him, the defendant cannot claim that the court has no authority to act when he has willfully evaded the service of process." *Electronics Boutique Holdings Corp. v. Zuccarini*, No. Civ. A. 00-4055, 2001 WL 83388, at *9 (E.D. Pa. Jan. 25, 2001).

233 F.R.D. 32, 35-36 (D.D.C. 2006).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id.* In order to establish good cause for failing to serve the defendant properly within 120 days, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Systems Signs Supplies*, 903 F.2d at 1013. "Additionally, the claimant must make a showing of good faith and establish some reasonable basis for noncompliance within the time specified." *Id.* (internal citations omitted). Moreover, even if good cause is lacking, the court has discretionary power to extend the time for service. *Thompson*, 91 F.3d at 21.

**III. Service of Process**

*Sufficiency of Service*

Plaintiff has provided a sworn affidavit by a process server, Rosenbloom, attesting that the woman who answered the door on December 8, 2010 at 8:30 a.m. identified herself as Ohle's wife and that although she refused to accept the summons, he left a copy of the summons at the Ohle residence.[25] Ohle's motion to set aside the entry of default states that the woman who

---
[25] R. Doc. No. 31, p. 3; R. Doc. No. 133-1, p. 18.

7

answered the door was a nanny who does not reside at that residence.[26] Ohle's motion contends that Ohle's wife does not meet Rosenbloom's physical description of the woman who answered the door because she is "much younger than described and has blonde hair as opposed to the attestation of dark hair."[27] The motion also states that Ohle has been named in an eight count indictment in the Southern District of New York and Ohle had filed "numerous pre-trial motions which were set for hearing on December 8, 2009" and that "on [December 9, 2009], Mr. Ohle . . . was being arraigned on the 2nd superceding indictment. Mr. Ohle's spouse, whose name is Patricia, accompanied Mr. Ohle to New York on December 7, 2009 and was with Mr. Ohle in New York until they left for home at approximately 3:00 EST and did not arrive home until 6:30 p.m. CST."[28] Ohle's motion does not provide the date on which he and his wife arrived home. Ohle's motion is not accompanied by any affidavits or documentation in support of such allegations.

"[A] bare allegation by a defendant that he was improperly served cannot be allowed to [belie] the private process server's return. Such a holding would overwhelm the clerk's office with these claims." *FROF, Inc. v. Harris*, 695 F. Supp. 827, 829 (E.D. Pa. 1988) (holding that a defendant's affidavit stating that he was improperly served was insufficient to vacate the default judgment against him in light of a process server's sworn affidavit); *see also Ali*, 233 F.R.D. at 38 ("A naked refutation of a process server's affidavit is insufficient to rebut the presumption of effective service that a process server's affidavit establishes."). Ohle's self-serving allegation

---

[26] R. Doc. No. 66, p. 3.
[27] *Id.*
[28] *Id.* at pp. 2-3.

that his wife was in New York on December 8, 2009 at 8:30 a.m., unsupported by even his own affidavit, are insufficient to rebut the sworn affidavit submitted by plaintiff.[29]

In this case, Rosenbloom attests that he informed the woman who identified herself as John Olhe's wife "of the contents of the Summons and the Complaint" and left such documents at Olhe's Wilmette address.[30] Ohle cannot, and does not, contend that he did not have notice of plaintiff's lawsuit against him. Ohle also does not contest that Rosenbloom made service at his residence or that his wife was a resident at the Wilmette address on the date that service was made. The Court finds that plaintiff has complied with Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure.[31][32]

*Timeliness of Service*

Ohle's motion requests that plaintiff's complaint be dismissed without prejudice pursuant to Rule 4(m) for failure to serve Ohle within the 120 day period, "given that the Complaint was filed on July 9, 2009 and [Ohle] has never been properly served."[33] As discussed above, the Court finds that Ohle was properly served on December 8, 2009. However, plaintiff's complaint was filed on July 9, 2009 and the service effected on December 8, 2009 is clearly outside the 120 day period.

---

[29] As in *FROF*, "[h]ad the defendant submitted additional evidence such as affidavits by others or receipts that placed him elsewhere at the time process was allegedly served, his claim might be tenable." 695 F. Supp. at 829 n. 3.
[30] R. Doc. No. 31, p. 3.
[31] *See, e.g. Periodical Publishers' Serv. Bureau v. Keys*, 1992 WL 298003 at *7 (E.D. La. Oct. 7, 1992) (finding service valid where process server taped summons and complaint on apartment door after defendant's wife refused to open it).
[32] Having found that plaintiff properly served defendant pursuant to Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure, the Court need not consider whether defendant was properly served according to applicable state law pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure.
[33] R. Doc. No. 66, p. 4.

Considering plaintiff's numerous attempts to serve Ohle, the Court finds that there exists good cause for plaintiff's failure to effect service within the 120 day period.[34] However, even if good cause does not exist, this Court may exercise its discretion to extend the 120 day period for service. *See Robinson v. The Road Home Corp.*, 2010 WL 1451392 at *1 (E.D. La. Apr. 6, 2010). Given that plaintiff executed proper service on defendant on December 8, 2009, the Court, in its discretion, finds that dismissal pursuant to Rule 4(m) would be inappropriate.

## *CONCLUSION*

Considering the foregoing, **IT IS ORDERED** that the defendant's motion to set aside the entry of default and the motion to dismiss are **DENIED.**

New Orleans, Louisiana, July 12, 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[34] Accordingly, the Court finds it unnecessary to determine whether Ohle was properly served when plaintiff sent the summons and complaint to Ohle's Wilmette address by certified mail.