UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL O. CONWILL, IV** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-4365** |
| **GREENBERG TRAURIG, L.L.P., ET AL.** | **SECTION I** |

### ORDER AND REASONS

Defendant, Greenberg Traurig, L.L.P. ("Greenberg"), has filed a motion[1] for reconsideration of the Court's order[2] disqualifying Stone Pigman Walther Wittmann L.L.C. ("Stone Pigman") from representing Greenberg. Plaintiff opposes[3] the motion. For the following reasons, the motion for reconsideration is **DENIED**.

### LAW & ANALYSIS

**A. Standard of Law**

A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment." Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.), 303 F.3d 571, 581 (5th Cir. 2002).[4] It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment,

---

[1] R. Doc. No. 267

[2] R. Doc. No. 256.

[3] R. Doc. No. 276.

[4] If the motion is filed within twenty-eight days of the judgment about which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. Shepherd v. Int'l Paper Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004). Because defendant filed its motion less than twenty-eight days after the Court issued its order, the motion is considered as a Rule 59(e) motion.

Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D. La. 2000).

A district court has considerable discretion to grant or to deny a motion to alter or amend the judgment under Rule 59(e). See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). The court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. See id. "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." Jupiter v. BellSouth Telecommunications, Inc., 1999 WL 796218 (E.D. La, Oct. 5, 1999) (Vance, J.).

**B. Analysis**

The thrust of Greenberg's motion to reconsider is based on the suggestion that the Court committed a manifest error disqualifying Stone Pigman because there is no overlap between Stone Pigman's prior representation of plaintiff and Stone Pigman's current representation of Greenberg.[5] In making such argument, Greenberg seemingly overlooks the test that the Fifth

---

[5] "There has been no overlapping of the issues of Stone Pigman's prior representation of Conwill and the current case...Given that there has been no overlap in 16 months of discovery and preparation..." R. Doc. No. 267-1, p.6. "The investments on which Stone Pigman advised Conwill were not the subject of any such IRS audit. Thus, there is no overlap." Id. "[T]he Court should draw a fine line, as directed by the Fifth Circuit, and find that there is no overlap between estate planning advice and income tax advice." Id. at p.7. "The Court's finding that the subject matter of Stone Pigman's prior represenation [sic] overlaps with the issues involved in this

Circuit has laid out for disqualification based on prior representation. As the Court explained in its order, the test is one of a "substantial relationship" between the subject matter of the former and present representations. "The substantial relationship does not require past and present matters to be so similar that a lawyer's continued involvement threatens to actually taint the trial. Moreover, the Fifth Circuit has steadfastly refused to limit the reach of the substantial relationship test to the former client's interest in preserving confidential information."[6] Furthermore, "[a] lawyer who has given advice in a substantially related matter must be disqualified, whether or not he has gained confidences, and the advice rendered need not be relevant, in the evidentiary sense, to the present litigation in order to be substantially related."[7] In order words, actual overlap in the subject matter of the representations need not exist in order for disqualification to be appropriate as long as a substantial relationship between the representations exists.

Contrary to Greenberg's characterization of the Court's reasoning, the Court did not base its order on a finding that Stone Pigman's representation of plaintiff overlaps with its representation of Greenberg or that there is no "distinction between estate planning and income tax planning."[8] Rather, the Court concluded that Stone Pigman's prior representation of plaintiff is substantially related to its current representation of Greenberg.[9] As Greenberg raises no new

---

litigation is manifestly erroneous." Id. at p.8.

[6] R. Doc. No. 256, p.4.

[7] *Id.* at p. 5.

[8] R. Doc. No. 267-1, p.14.

[9] The Court recognizes that any grant of a motion to disqualify results in prejudice to a party because of its loss of chosen counsel. However, "[o]nce the moving party establishes a substantial relationship between the past and present representations, the test is categorical in requiring disqualification." R. Doc. No. 256 (citing In re American Airlines, Inc., 972 F.2d 605, 614 (5th Cir. 1992).

arguments contesting this conclusion of the Court, the Court finds no showing of manifest error.

With respect to the timing of plaintiff's motion to disqualify, the Court notes that Greenberg reiterates the same arguments made in its original opposition to the motion to disqualify. Specifically, Greenberg continues to insist that plaintiff should have been aware of the possible conflict of interest at the moment it Stone Pigman appeared in the case. For the reasons expressed in the original order, the Court sees no manifest error in its findings that plaintiff had not unreasonably delayed in filing its motion to disqualify and that plaintiff had not waived his objection to the conflict of interest.

For the foregoing reasons, the Court finds that Greenberg has not made a showing of manifest error in law or fact. Accordingly,

**IT IS ORDERED** that the motion[10] for reconsideration is **DENIED**.

New Orleans, Louisiana, January 12, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[10]R. Doc. No. 267.