UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DANIEL O. CONWILL, IV**                                        **CIVIL ACTION**

**VERSUS**                                                                    **No. 09-4365**

**GREENBERG TRAURIG, L.L.P., ET**                     **SECTION I/1**
**AL.**

## ORDER

Before this Court is plaintiff Daniel O. Conwill, IV's ("Conwill") motion[1] to appeal the order[2] of the U.S. Magistrate Judge granting defendant Greenberg Traurig, L.L.P.'s ("Greenberg") motion[3] to establish protocol for file transfer. On December 23, 2010, this Court granted plaintiff's motion to disqualify Stone Pigman Walther Wittmann LLC ("Stone Pigman") as Greenberg's counsel in this matter. On January 21, 2011, U.S. Magistrate Judge Shushan ordered Stone Pigman to transfer Greenberg's entire file relating to the captioned matter to Greenberg's new counsel, Montgomery, Barnett, Brown, Read, Hammon & Mintz, LLP ("Montgomery Barnett"), with the following conditions:

> 3. If this file contains any materials from Stone Pigman's prior representation of Conwill, such materials shall not be transferred to Montgomery Barnett.
>
> 4. In the event the file contains work-product that incorporates or references any non-public information from Stone Pigman's file from its earlier representation of Conwill, such non-public information shall be redacted and shall not be transferred to Montgomery Barnett.

---

[1] R. Doc. No. 310.

[2] R. Doc. No. 308.

[3] R. Doc. No. 281.

1

> 5. At the time of the delivery of the file to Montgomery Barnett, Stone Pigman shall deliver a log of all removed and redacted file materials, if any, and serve the log on Conwill.
>
> 6. Except as is necessary to effect the transfer of the Greenberg file, Stone Pigman shall not communicate with Montgomery Barnett concerning the claims and defenses in Conwill's suit against Greenberg.[4]

Pursuant to Federal Rule of Civil Procedure 72(a), nondispositive pretrial matters decided by the U.S. Magistrate Judge ("Magistrate") may be appealed to the U.S. District Court Judge. The order of a Magistrate may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). After reviewing the Magistrate's order, this Court finds that the granting of Greenberg's motion to establish protocol for file transfer was not clearly erroneous or contrary to law.

As the Magistrate noted, "Conwill and Greenberg do not disagree on the need for some restriction on the transfer of work-product. The issue is the scope of the restriction."[5] Conwill argues that Stone Pigman should be prohibited from providing to Montgomery Barnett not only any information related to its past representation of Conwill, but also any work product that addresses in any way the defenses and characterizations of plaintiff that were the basis of the disqualification order.[6]

In rejecting Conwill's proposed limitation on files to be transferred, the Magistrate was

---

[4] Id.

[5] R. Doc. No. 308, p.4.

[6] R. Doc. No. 310-1, p.4.

persuaded by the approach of the Texas Supreme Court in determining how files should be transferred from disqualified counsel to new counsel. See In re George, 28 S.W.3d 511, 518 (Tex. 2000).  The approach begins with the rebuttable presumption that the work-product being transferred contains confidential information. Id.  The current client (Greenberg) can rebut the presumption by demonstrating that there is not a substantial likelihood that the desired items of work product contain or reflect confidential information. Id.  The court added that conclusive proof that confidential information is absent is unnecessary: a showing that it is substantially unlikely that an item of work product contains or reflects confidential information is sufficient. Id.

The Court finds that the Magistrate's adoption of the rebuttable presumption approach is not clearly erroneous or contrary to law.  While the parties and the Court have been unable to identify any precedent in this circuit on point, several other federal courts have permitted work-product to be transferred from disqualified counsel to new counsel. See e.g. First Wisconsin Mortgage Trust v. First Wisconsin Corp., 584 F.2d 201, 208-9 (7th Cir. 1978); Arnold v. Cargill Inc., 2004 WL 2713259 at *3 (D. Minn. Nov. 23, 2004); Wagner v. Lehman Bros. Kuhn Loeb, Inc., 683 F.Supp. 189, 195 (N.D. Ill. 1987).

Further, the Magistrate's application of the rebuttable presumption approach was not clearly erroneous or contrary to law.  The Magistrate found that the declaration from Phillip A. Wittmann rebuts the presumption that relevant confidential information was disclosed during Stone Pigman's earlier representation of Greenberg.  The Magistrate determined that by following the protocol set forth, there would not be a substantial likelihood that an item of work-

product transferred to Montgomery Barnett would contain or reflect confidential information.[7]

Accordingly,

**IT IS ORDERED** that plaintiff's appeal[8] of the Magistrate Judge's order is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion[9] to expedite hearing on its motion to appeal the U.S. Magistrate Judge's order is **DISMISSED AS MOOT**.

New Orleans, Louisiana, February 4, 2011.

<u>                                                  </u>
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[7] Conwill argues that the Magistrate clearly erred in not addressing a portion of the Texas Supreme Court opinion that set forth guidelines for obtaining enough information to determine if the presumption has been rebutted. R. Doc. No. 310-1, p.6 (citing <u>George</u>, 28 S.W.3d at 518). In <u>George</u>, the court did not mandate one procedure for collecting information. Rather, it provided an analytical framework for determining whether the presumption has been rebutted. In this case, the affidavit provided sufficient information for the Magistrate to determine that there was not a substantial likelihood that confidential information would be revealed.

[8] R. Doc. No. 310.

[9] R. Doc. No. 315.