UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL O. CONWILL, IV** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-4365** |
| **GREENBERG TRAURIG, L.L.P., ET AL.** | **SECTION I/1** |

### ORDER

Before this Court is plaintiff, Daniel O. Conwill, IV's ("Conwill"), motion[1] to appeal the order[2] of the U.S. Magistrate Judge denying Conwill's motion[3] for leave to take a second deposition of Marc Zametto ("Zametto"). On January 21, 2011, U.S. Magistrate Judge Shushan denied Conwill's motion on grounds that permitting a second perpetuation deposition would necessitate an extension of this Court's deadline and that Conwill had not demonstrated good cause for such an extension.

Pursuant to Federal Rule of Civil Procedure 72(a), nondispositive pretrial matters decided by the U.S. Magistrate Judge ("Magistrate Judge") may be appealed to the U.S. District Court Judge. The order of a Magistrate Judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). After reviewing the Magistrate Judge's order, this Court finds that the denial of Conwill's motion for leave was not clearly erroneous or contrary to law.

---

[1] R. Doc. No. 318.

[2] R. Doc. No. 307.

[3] R. Doc. No. 269.

In its August 25, 2010 scheduling order, the Court stated that "the deadline for taking depositions for trial use and completing all discovery is extended until November 15, 2010."[4] The Court later extended the deadline to December 15, 2010.[5] On January 4, 2011, Conwill filed his motion for leave to take a second perpetuation deposition of Zametto.[6] The issue before the Court is whether Conwill has demonstrated good cause for an extension of the Court's scheduling order.

Because Conwill seeks a modification of the Court's scheduling order, he is required to make a showing of good cause to obtain it. Fed. R. Civ. P. 16(b)(4). Conwill provides this Court with the same explanation he provided the Magistrate Judge with respect to his failure to question Zametto during the previous perpetuation deposition about Conwill's alleged motive for entering into the tax transaction.

Conwill claims that he was unaware of the need to question Zametto with respect to his own alleged motive until a representative of Greenberg Traurig, LLP, Barbara Kaplan, and Jay Gordon were deposed and offered testimony regarding his motive for entering into the transaction. However, Zametto was deposed on August 18, 2010 and both Barbara Kaplan and Jay Gordon were deposed within the next five days.[7] Conwill did not move for leave to take a second deposition of Zametto until January 4, 2010.[8]

To the extent that Conwill claims that the pendency of his motion *in limine* with respect

---

[4]R. Doc. No. 183.

[5]R. Doc. No. 216.

[6]R. Doc. No. 269.

[7]R. Doc. No. 307, p.2.

[8]R. Doc. No. 269.

to prohibiting references to his purported motives is good cause to extend the Court's scheduling order, the Court notes that, prior to the passing of the December 15, 2010 deadline, Conwill filed no motion seeking an extension. If Conwill intended to predicate his decision to seek a second deposition of Zametto on the Court's ruling with respect to his motion *in limine*, Conwill should have sought an extension before the deadline had passed.

Accordingly, the Court finds that the Magistrate Judge's order was not clearly erroneous or contrary to law in concluding that Conwill had not demonstrated good cause for an extension of the Court's perpetuation deposition deadline.

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's appeal of the Magistrate Judge's order is **DENIED**.

New Orleans, Louisiana, March 10, 2011.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**