

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  NOV 14 2011

LORETTA G. WHYTE
CLERK

United States Court of Appeals
Fifth Circuit

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**FILED**
October 18, 2011

Lyle W. Cayce
Clerk

No. 11-30360
Summary Calendar

D.C. Docket No. 2:09-CV-4365

DANIEL O. CONWILL, IV,

    Plaintiff - Appellee

v.

GREENBERG TRAURIG, L.L.P.; JAY I. GORDON,

    Defendants - Appellants

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the appeal is dismissed.

IT IS FURTHER ORDERED that defendants-appellants pay to plaintiff-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: NOV 0 9 2011

\_\_\_ Fee \_\_\_\_\_
X Process \_\_\_\_\_
\_\_\_ Dktd \_\_\_\_\_
\_\_\_ CtRmDep \_\_\_\_\_
\_\_\_ Doc. No. \_\_\_\_\_

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: Sabrina B Short
Deputy

New Orleans, Louisiana

NOV 0 9 2011

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2011

Lyle W. Cayce
Clerk

No. 11-30360
Summary Calendar

DANIEL O. CONWILL, IV,

        Plaintiff-Appellee

v.

GREENBERG TRAURIG, L.L.P.; JAY I. GORDON,

        Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-4365

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Currently before the Court is Plaintiff-Appellee Daniel O. Conwill, IV's ("Conwill") motion to dismiss the cross-appeals of Defendants-Cross-Appellants Greenberg Traurig, L.L.P. ("Greenberg") and Jay Gordon (collectively "Defendants-Appellants"). For the following reasons, the Court GRANTS Conwill's motion and DISMISSES the cross-appeals.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30360

## Factual and Procedural Background

Plaintiff-Appellee Conwill filed this action in the Eastern District of Louisiana alleging a claim of racketeering under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 28 U.S.C. § 1964, and a variety of Louisiana state law claims, including breach of fiduciary duty.

In July 2010, the district court granted in part and denied in part a motion for summary judgment filed by Defendants-Appellants, finding that Conwill's RICO claim was not barred by the applicable statute of limitations, the claim for breach of fiduciary duty was not time barred because it is subject to a ten-year prescriptive period under Louisiana law, and all of the other state law claims were time-barred due to application of a one-year prescriptive period. Subsequently, in March 2011, the district court granted a second motion for summary judgment filed by Defendants-Appellants, dismissing the RICO claim as barred by the Private Securities Litigation Reform Act, and declining to exercise supplemental jurisdiction over the remaining state law claim for breach of fiduciary duty. The district court then entered final judgment in favor of Defendants-Appellants, dismissing all of the claims, with the exception of the fiduciary duty claim, with prejudice, and the fiduciary duty claim without prejudice.

Plaintiff-Appellee Conwill appealed the judgment, and Defendants-Appellants subsequently cross-appealed, arguing alternative grounds to affirm, as well as appealing the district court's interlocutory decision that the breach of fiduciary duty claim was not time-barred.[1] Plaintiff-Appellee Conwill later dismissed his appeal and then filed the instant motion to dismiss Defendants-Appellants' cross-appeals.

---

[1] Defendant-Appellant Jay Gordon also cross-appealed the district court's denial of his motion to dismiss for lack of personal jurisdiction.

2

In his motion to dismiss, Conwill argues: (1) that this Court does not have appellate jurisdiction over the breach of fiduciary duty claim; and (2) that Defendants-Appellants do not have standing to appeal because they were the prevailing parties in the district court and are not aggrieved by the judgment. Defendants-Appellants oppose the motion, arguing that they properly invoked this Court's appellate jurisdiction and that they have standing to appeal because they are aggrieved by the district court's ruling that the breach of fiduciary duty claim is not time-barred. Defendants-Appellants, agree, however, to dismiss their cross-appeals in all other respects. Thus, the only issue remaining before this Court is whether Defendants-Appellants may properly appeal the district court's interlocutory ruling that the breach of fiduciary duty claim is subject to a ten-year prescription period under Louisiana law, even though the district court declined to exercise jurisdiction over this state law claim and dismissed it without prejudice. Defendants-Appellants do not argue that the district court abused its discretion or erred in dismissing that claim without prejudice.

## ANALYSIS

Defendants-Appellants were the prevailing parties in this action because they obtained a favorable final judgment dismissing the federal claim with prejudice and the sole remaining state claim was dismissed without prejudice. *See* 10 C. Wright & A. Miller, Federal Practice & Procedure § 2667 (3d ed. 2007) ("[A] dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party."); *Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004) (stating that defendant is prevailing party where federal claim was dismissed on merits and state claims were dismissed without prejudice); *Jarvis v. Nobel/Sysco Food Servs. Co.*, 985 F.2d 1419, 1424–25 (10th Cir. 1993) (considering party prevailing under very similar circumstances). "[A] prevailing party has standing to appeal only if it can demonstrate an adverse effect resulting from [a] judgment in its favor." *Ward v. Santa Fe Indep.*

*Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004); *see also Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980) ("Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom."). Thus, a party lacks standing to appeal from a favorable judgment unless he is able to that show he is "aggrieved" by it. *Ward*, 393 F.3d at 603 (citing *Matter of Sims*, 994 F.2d 210, 214 (5th Cir. 1993)).

Courts have recognized a handful of situations in which a party may be sufficiently aggrieved by a favorable judgment to appeal it, such as where the judgment itself contains prejudicial language on issues immaterial to the disposition of the case, where collateral estoppel may harm the party in future proceedings, or where the party will suffer financial loss as a result of the judgment. *See, e.g., Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1075–76 (9th Cir. 2001) (listing the foregoing exceptions); *In re DES Litig.*, 7 F.3d 20, 23–25 (2d Cir. 1993) (same); *see also Roper*, 445 U.S. at 333–35; *Elec. Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 241–43 (1939).

In determining whether a party is "aggrieved" by a favorable judgment, both this Court and others have paid special attention to the collateral estoppel effect of the challenged ruling or opinion. *See, e.g., Klamath Strategic Inv. Fund ex rel. St. Croix Ventures v. United States*, 568 F.3d 537, 546 (5th Cir. 2009); *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 427–28 (5th Cir. 2007).[2] Under circumstances very similar to this case, we found, in *Klamath*, that a prevailing party lacked standing to appeal an interlocutory ruling because there

---

[2] *See also Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1255–56 (11th Cir. 2009) (stating that prevailing party not aggrieved except where there is potential for collateral estoppel); *AT&T Corp. v. F.C.C.*, 317 F.3d 227, 237–38 (D.C. Cir. 2003) (stating that prevailing party may appeal where there is potential for adverse collateral estoppel); *Chathas v. Local 134 Int'l Bhd. of Elec. Workers*, 233 F.3d 508, 512 (7th Cir. 2000) ("Adverse dicta are not appealable rulings"); *ASARCO, Inc. v. Sec. of Labor*, 206 F.3d 720, 723–24 (6th Cir. 2000) (finding that party is not aggrieved where ruling would not have estoppel effect); *United States v. Good Samaritan Church*, 29 F.3d 487, 488–89 (9th Cir. 1994) (same); *In re DES*, 7 F.3d at 23–25 (same).

was no threat of collateral estoppel. 568 F.3d at 540–46. *Klamath* involved a dispute over the amount of tax liability owed by the plaintiff. *Id.* at 540–41. The government was successful at trial because the district court found that the transactions in question were not relevant to the calculation of tax liability. *Id.* at 543. Previously, though, the district court had denied in part a motion for summary judgment filed by the government, finding, contrary to the government's interests, that the transactions were not a liability. *Id.* Despite succeeding at trial, the government appealed, seeking reversal of the district court's interlocutory summary judgment decision. *Id.* On appeal, we held that the government was not an aggrieved party, and therefore could not appeal the interlocutory opinion, focusing on the fact that the appealed interlocutory summary judgment ruling would not have collateral estoppel effect. *Id.* at 546.

Likewise, here, Defendants-Appellants seek appellate review of an interlocutory decision that will not have any collateral estoppel effect. Although a different ruling on the prescription issue may have resulted in a dismissal with prejudice, that ruling was not relevant or necessary to the district court's ultimate decision not to exercise supplemental jurisdiction. The ruling, will not, therefore, have any preclusive effect in a later action between these parties. *Klamath*, 568 F.3d at 546; *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 395 (5th Cir. 1998) (stating that non-final summary judgment opinion should not be granted preclusive effect); *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269–71 (5th Cir. 1986) (same).[3]

---

[3] By contrast, in *Leonard*, we found that a prevailing party was sufficiently aggrieved to appeal. 499 F.3d at 427–28. Although the defendant generally prevailed on the merits, the district court resolved several issues contrary to the defendant's interests. *Id.* Because the defendant faced the threat of offensive non-mutual issue preclusion in hundreds of similar pending lawsuits, we found that the defendant was sufficiently harmed to appeal. In reaching that decision, we distinguished *Leonard* from cases that did not allow a prevailing party to appeal on the grounds that the appealed decisions in those other cases would not have had any preclusive effect. *Id.* at 428 n.2 (collecting and distinguishing cases).

In *Leonard*, we also recognized that economic injury caused by a judgment can render a party sufficiently aggrieved to appeal. 499 F.3d at 427–28. In that suit, the defendant insurer generally succeeded on the merits, although the district court had held that the language in the insurance policy was ambiguous and had also resolved a negligent misrepresentation issue in a manner unfavorable to the insurer. *Id.* We found that the insurer was sufficiently aggrieved by these rulings, in part, because the resolution of these issues would result in the insurer incurring "considerable litigation expense and potential enormous liability to other policyholders" in hundreds of ongoing and future lawsuits. *Leonard*, 499 F.3d at 428; *see also Roper*, 445 U.S. at 333. Unlike *Leonard*, in this case, Defendants-Appellants' only claimed injury is the expense that will be incurred re-litigating this issue in a later suit. This expense, standing alone, is insufficient to render Defendants-Appellants sufficiently aggrieved to permit appeal of the district court's interlocutory opinion. *Leonard*, 499 F.3d at 428; *see also Env. Prot. Info.*, 257 F.3d at 1076 (stating cost of re-litigating same issue in later suit will not render party aggrieved).[4]

Finally, as a matter of policy, it makes little sense to permit appellate review in this circumstance. As was recently noted by the Supreme Court, appellate courts "review[] judgments, not statements in opinions." *Camreta v.*

---

[4] There is some out-of-circuit case law supporting the notion that the cost of defending a single lawsuit is sufficient harm to render a prevailing party aggrieved. *See, e.g., Briscoe v. Fine*, 444 F.3d 478, 495 (6th Cir. 2006) (finding that prevailing party could appeal dismissal without prejudice of state law claims because refiling of those claims in state court was sufficient injury); *Custer v. Sweeney*, 89 F.3d 1156, 1163–64 (4th Cir. 1996) (same); *LaBuhn v. Bulkmatic Transport Co.*, 865 F.2d 119, 121–22 (7th Cir. 1988) (same). These cases are not on point, however, because in all of them the prevailing party sought review of a decision to not exercise supplemental jurisdiction that was part of the final judgment dismissing the case. In this case, Defendants-Appellants do not appeal the district court's decision to not exercise supplemental jurisdiction, and indeed, actually opposed a motion by Plaintiff-Appellee Conwill for reconsideration of that decision. Instead, Defendants-Appellants seek to reach back and modify an interlocutory order not incorporated or relied upon in the final judgment. While a prevailing party may be able to appeal a decision to not exercise supplemental jurisdiction, it may not challenge an interlocutory ruling that is unrelated to the final judgment.

*Greene*, 131 S. Ct. 2020, 2030 (2011) (quoting *Cal. v. Rooney*, 483 U.S. 307, 311 (1987)). District courts often make interlocutory rulings on pendent state claims, but then later decide not to continue exercising supplemental jurisdiction over those same claims. Allowing the appeal of the interlocutory decision in this case raises the possibility of opening the floodgates of appeal to review of non-binding interlocutory opinions. Any potential error by the district court—if there even was one—occurred in a non-binding opinion, unrelated to the final judgment, and the cross-appeals of that decision are not properly before this Court.[5]

Having considered the various harms that Defendants-Appellants potentially face due to the district court's interlocutory ruling that the breach of fiduciary duty claim is subject to a ten-year prescriptive period, we now find that the Defendant-Appellants are not sufficiently aggrieved to appeal that decision. *See In re Dugas*, 428 F. App'x 396, 399 (5th Cir. 2011); *Klaxon*, 568 F.3d at 546; *Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 947 n.1 (9th Cir. 2002) (stating adverse interlocutory rulings could not be appealed by prevailing party where rulings not relied upon in reaching final judgment); *Good Samaritan Church*, 29 F.3d at 488–89 (same); *In re DES*, 7 F.3d at 23–25 (same).[6]

---

[5] Additionally, the district court's ruling on the prescription issue did not appear on the face of the judgment and was not anywhere incorporated into the language of that decree. Thus, there was no discussion by the district court of issues "immaterial to the disposition of the cause," which the Court could properly consider and reform on appeal. *See Elec. Fittings*, 307 U.S. at 241–42; *Env. Prot. Info.*, 257 F.3d at 1075; *In re DES*, 7 F.3d at 25.

[6] Contrary to our approach in this decision, the Tenth Circuit has held that a prevailing party may appeal in circumstances similar to this case. *See Jarvis*, 985 F.2d at 1424–26; *see also Miami Tribe of Okla. v. United States*, --- F.3d ----, 2011 WL 3805923, at *6 (10th Cir. Aug. 30, 2011); *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1264 (10th Cir. 2003). We are, however, bound by our own case law, and as a matter of policy, we do not believe it wise to allow appeals of interlocutory decisions in this circumstance.

No. 11-30360

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff-Appellee Conwill's motion to dismiss and DISMISSES the cross-appeals filed by Defendants-Appellants Greenberg and Gordon.